UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY CHASE, III,<br><br>    Plaintiff,<br><br>    v.<br><br>COALINGA STATE HOSPITAL, et al.,<br><br>    Defendants. | Case No.: 1:25-cv-00349-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 7) |

Plaintiff Harry Chase, III is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.   INTRODUCTION**

Plaintiff filed his original complaint on March 24, 2025. (Doc. 1.) The Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case on May 22, 2025. (Doc. 2.) On November 14, 2025, Plaintiff filed motion to appoint counsel. (Doc. 7.)

**II.   DISCUSSION**

*Legal Standards Concerning the Appointment of Counsel*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in

1  "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant
2  to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

3  Given that the Court has no reasonable method of securing and compensating counsel, the
4  Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional
5  circumstances exist, a district court must evaluate both the likelihood of success on the merits [and]
6  the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal
7  issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

    *Analysis*

9  First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his
10 claims. *Rand*, 113 F.3d at 1525. Here, Plaintiff's complaint has not yet been screened, the stage at
11 which the Court determines whether a plaintiff has sufficiently and plausibly alleged a cause of
12 action or claim entitling the plaintiff to relief. The merits of the allegations are not tested at
13 screening because the Court is required to consider factual allegations to be true for purposes of
14 screening. At this stage of the proceedings, a likelihood of success on the merits cannot be
15 determined. *See, e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492, at
16 *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same
17 as that required at screening; at screening, the Court is tasked with determining whether a plaintiff
18 has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The
19 merits of the allegations are not tested, for the Court is to consider factual allegations to be true for
20 purposes of screening").

21 Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se
22 considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. A brief review of
23 Plaintiff's complaint reveals he asserts Eighth Amendment deliberate indifference claim against
24 the named defendants. (*See* Doc. 1 at 4.) Such claims are not complex. *See Maldanado v. Merritt*,
25 No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth
26 Amendment deliberate indifference to serious medical needs claims are not complex").

27 Plaintiff is advised that incarceration is not an exceptional circumstance warranting the
28 appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982,

1    at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on
2    litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an
3    exceptional circumstance, any prisoner would be entitled to counsel"). Nor are a lack of legal
4    knowledge and limited law library access exceptional circumstances; rather, they are circumstances
5    common to nearly all pro se prisoner litigants. *See, e.g.*, *Escamilla v. Oboyle*, No. 2:22-cv-2038
6    KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most
7    prisoners, such as a lack of legal education and limited law library access, do not establish
8    exceptional circumstances that would warrant a request for voluntary assistance of counsel");
9    *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20,
10   2020) (same); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D.
11   Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor
12   his lack of legal expertise warrant the appointment of counsel"); *Galvan v. Fox*, No. 2:15-CV-
13   01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common
14   to most prisoners, such as lack of legal education and limited law library access, do not establish
15   exceptional circumstances that warrant a request for voluntary assistance of counsel").

16          Moreover, the fact that an attorney would be better prepared to litigate and try this action,
17   does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*,
18   113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court
19   denied appointment of counsel despite fact that pro se prisoner "may well have fared better-
20   particularly in the realm of discovery and the securing of expert testimony"). There is little doubt
21   most pro se litigants "find it difficult to articulate [their] claims," and would be better served with
22   the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel,
23   federal courts employ procedures which are highly protective of a pro se litigant's rights. *See*
24   *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard)
25   (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe
26   the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los*
27   *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is
28   "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *accord Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel. Thus, Plaintiff's motion will be denied.

### III. CONCLUSION AND ORDER

Accordingly, this Court **HEREBY ORDERS** that Plaintiff's motion for the appointment of counsel, (Doc. 7), is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 20, 2025**              /s/ *Sheila K. Oberto*
                                                                                UNITED STATES MAGISTRATE JUDGE